UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PATRICIA ROYAL,<br>    Plaintiff,<br><br>v.<br><br>PAWTUCKET SCHOOL<br>COMMITTEE, by and through the<br>School Committee Chair, et al.,<br>    Defendants. | C.A. No. 25-cv-113-MRD-AEM |

ORDER

This case arises from Plaintiff Patricia Royal's experience applying for and acting as Superintendent of the Pawtucket School District. Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint. ECF No. 29. The motion seeks to dismiss Plaintiff's Second Amended Complaint in its entirety for violation of Federal Rule of Civil Procedure 8. *Id.* Specifically, Defendants complain that "Plaintiff's Second Amended Complaint, at 141 pages and well over one thousand (1,000) paragraphs, plainly violates Rule[ ] 8 . . . ." ECF No. 29-1 at 7. Plaintiff defends the length of her pleading, responding that "[t]he extensiveness of the unlawful acts, the severity and pervasiveness—compounded by the number of alleged bad actors—would understandably make this complaint longer than the 'typical' employment claim." ECF No. 30-1 at 2. Having reviewed the Second Amended Complaint in its entirety, this Court concludes that Defendants' motion will be **DENIED**.

To state a claim, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule demands each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To meet the minimum pleading standard, a complaint need only give each defendant fair notice of the claims against them as to allow them to mount a defense. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a detailed telling of facts is not required, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why[.]" Educadores *Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). That said, courts have long considered that a complaint may violate Rule 8 if it is too long, wordy, and confusing. *McCoy v. Providence J. Co.*, 190 F.2d 760, 766 (1st Cir. 1951). Such a complaint should only be dismissed if it is so unclear and/or convoluted that the Court and answering defendants are unable to discern the basis of the plaintiff's claims. *Miranda v. United States*, 105 Fed. App'x 280, 281 (1st Cir. 2004) (per curiam). Whether to dismiss a complaint for failure to comply with Rule 8 is within the district court's discretion. *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993).

At over 140 pages, Plaintiff's Second Amended Complaint is indisputably long. *See* ECF No. 28. Indeed, this Court has previously concluded that "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Laurence v. Wall,* No. CA 07–081 ML, 2007 WL 1875794, at *1 (D.R.I. June 27, 2007) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice, and Procedure § 1281 at 709 (3d ed. 2004)). However, because courts in this Circuit

determine whether a complaint violates Rule 8 on a case-by-case basis and look to a variety of factors in doing so, length (or any one factor) is not dispositive.[1] *See, e.g.*, *Kuehl*, 8 F.3d at 908 (stating "[w]ere plaintiffs' confessed overdrafting their only sin, we would be inclined to agree that dismissal was an overly harsh penalty"). The factors the court considers include: the nature of the case, the number of parties involved, whether the complaint is redundant, the length of the complaint, the organization of the complaint, prejudice, burden, and other pragmatic considerations. *Von Smith v. Al Thani*, No. 20-2151, 2022 WL 2092505, at *1 (1st Cir. Feb. 14, 2022) (length, redundancy, pragmatic concerns, prejudice, burden); *Jackson v. Polaroid Corp.,* 181 F.3d 79 (1st Cir. 1999) (unpublished table decision) (same); *see also* Federal Practice, and Procedure § 1217 at 240–41 ("What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters.").

Application of these factors to the instant case supports denying Defendants' motion. Considering first the nature of the action, this case involves a range of state law and federal claims against multiple entities and state actors in their individual and official capacities. *See generally* ECF No. 28. By the numbers, Plaintiff asserts 15 counts against 15 named Defendants. *Id.* Additionally, many of the claims she

---

[1] This factor approach is within the spirit of the federal rules, which "promote disposition of litigation on the merits rather than on the basis of technicalities." *Kuehl*, 8 F.3d at 908.

asserts are factually complicated, including her constitutional claims and those brought under various state and federal statutes. *Id.* While the sections of the Second Amended Complaint explaining the bases of these claims are dense and drawn out, they are not difficult to understand. *Id.* Turning next to the Second Amended Complaint's organization, the document reads chronologically. *Id.* Its structure is clear and easy to follow. This organization lessens Defendants' burden because it removes the need for them to piece together a timeline of events. Lastly, moving forward on the Second Amended Complaint would not prejudice Defendants. This case is unlike cases in which courts have dismissed a complaint for being "prolix, disjointed, [and] replete with legal conclusions," *Miranda*, 105 Fed. App'x at 280, as the Court does not find the Second Amended Complaint to be "a chaotic pastiche of irrelevant, confusing disconnected averments" or "a conglomeration of allegations made unintelligible by its volume, morass of irrelevancies, lack of clarity and its incorporation-by-reference information overload," *Peabody v. Griggs,* No. CIV.A. 08-243-ML, 2009 WL 3200686, at *10, *11 (D.R.I. Oct. 6, 2009).

Recognizing that there are some facets of Plaintiff's Second Amended Complaint which could, in isolation, support dismissal under Rule 8, this Court does not consider the pleading in its entirety to be in "gross violation" of the Rule.[2] The Second Amended Complaint is not so unclear or convoluted that the basis of the

---

[2] While the Court has concluded that portions of the Second Amended Complaint could be deemed redundant, vague and conclusory, they have not risen to a Rule 8 violation despite coming perilously close. The decision to deny Defendants' motion was a close call. The Court encourages Plaintiff to be mindful of this moving forward.

claims cannot be discerned. Accordingly, the parties are directed to proceed in this case on the Second Amended Complaint. Defendants' motion to dismiss (ECF No. 29) is **DENIED**.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

1/16/2026